UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALFONSO DELGADO,

          **COMPLAINT**

          Plaintiff,

          **JURY TRIAL DEMANDED**

    -against-

          **ECF CASE**

THE CITY OF NEW YORK, P.O. THOMAS HELLY,
Shield No. 23558, P.O. GLYNIS ANDINO, Shield No. 27430
and P.O.s "JOHN DOE" #1-10, Individually and in their
Official Capacities, (the name John Doe being fictitious, as
the true names are presently unknown),

          Defendants.
------------------------------------------------------------------------X

    Plaintiff, ALFONSO DELGADO, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a Hispanic male and was at all relevant times a citizen of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. THOMAS HELLY, P.O. GLYNIS ANDINO, and P.O.'s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On April 17, 2011, at approximately 3:30 a.m., plaintiff ALFONSO DELGADO was lawfully standing outside of 585 East 189th Street, County of Bronx, City and State of New York.

14. Plaintiff ALFONSO DELGADO had just exited a bar known as the "Howl at the Moon" with several friends, and was on his way back home.

15. At the aforesaid time and place, several individuals unknown to plaintiff ALFONSO DELGADO became involved in an altercation.

16. Plaintiff, ALFONSO DELGADO did not know what caused this fight and did not in any way to get involved in this fight.

17. At this time, plaintiff ALFONSO DELGADO and his friends stood nearby and waited for two other friends to exit the bar.

18. Thereafter, defendant P.O. THOMAS HELLY and members of the New York City Police Department arrived at the scene and began to scream, "Let's go, keep it moving." and "Get the fuck out of here!"

19. Plaintiff ALFONSO DELGADO shook his head and began to walk away from the bar and the defendant police officers.

20. Thereafter, as plaintiff ALFONSO DELGADO was walking down East 189th street, plaintiff's friend Carlos Arboleda screamed, "Watch out!"

21. Before plaintiff ALFONSO DELGADO could react, defendant police officers struck plaintiff in the back of the head, which caused plaintiff to fall to the ground.

22. Thereafter, plaintiff ALFONSO DELGADO immediately put his hands behind his

back and asked defendant police officers, in sum and substance "Why did you hit me?"

24. In response, defendant police officers yelled "Shut the fuck up! You know what...he is resisting arrest."

25. Thereafter, defendant police officers began kicking and stomping on plaintiff ALFONSO DELGADO while he was on the ground. Defendant police officers continued their assault by punching plaintiff about the face.

26. As a result of defendants' use of excessive force, plaintiff ALFONSO DELGADO was taken to North Central Bronx Hospital where he was treated for injuries to his face, head, neck and left shoulder.

27. In connection with the above incident, plaintiff ALFONSO DELGADO was transported to the 48th Precinct in the County of Bronx, City and State of New York.

28. As a result of this unlawful arrest, plaintiff ALFONSO DELGADO, spent thirty-three (33) hours in jail, and was required to make multiple court appearances to defend himself against the false charges which defendants had filed against him.

29. In connection with the above incident, plaintiff ALFONSO DELGADO was charged with, Attempted Assault in the Second Degree, Obstruction of Governmental Administration in the Second Degree, Resisting Arrest and Disorderly Conduct.

30. At no time on April 17, 2011, did plaintiff ALFONSO DELGADO *ever* attempt to assault anyone, nor commit any of the other offenses alleged above.

31. Defendants knew from the outset that plaintiff ALFONSO DELGADO had not committed these offenses - nor, for that matter, any offense - but nonetheless charged him with a crime in order to conceal their own unlawful and grossly improper use of force.

32. In connection with this arrest, defendant police officers filled out false reports and

forwarded these reports to the Bronx County District Attorney's Office.

33. Notwithstanding the defendant police officers' unlawful and perjurious conduct, all charges against plaintiff ALFONSO DELGADO were dismissed on May 3, 2012 by the Honorable E. Greenberg.

34. Prior to this incident, plaintiff ALFONSO DELGADO, worked as a security officer for T&M Protection Resources, had never before been arrested and had never had any dealings whatsoever with the criminal justice system.

35. As a result of the foregoing, plaintiff ALFONSO DELGADO sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, an deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

38. All of the aforementioned acts deprived plaintiff ALFONSO DELGADO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff ALFONSO DELGADO's constitutional rights.

44. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As a result of defendants' aforementioned conduct, plaintiff ALFONSO DELGADO was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

47. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants misrepresented and falsified evidence before the District Attorney.

50.     Defendants did not make a complete and full statement of facts to the District Attorney.

51.     Defendants withheld exculpatory evidence from the District Attorney.

52.     Defendants were directly and actively involved in the initiation of criminal proceedings against ALFONSO DELGADO.

53.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff ALFONSO DELGADO.

54.     Defendants acted with malice in initiating criminal proceedings against plaintiff ALFONSO DELGADO.

55.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ALFONSO DELGADO.

56.     Defendants lacked probable cause to continue criminal proceedings against plaintiff ALFONSO DELGADO.

57.     Defendants acted with malice in continuing criminal proceedings against ALFONSO DELGADO.

58.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

59.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal

proceedings were terminated in plaintiff's favor on May 3, 2012, when all charges against him were dismissed.

60. As a result of the foregoing, plaintiff ALFONSO DELGADO sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, an deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The aforementioned individual defendants issued legal process to place plaintiff ALFONSO DELGADO under arrest.

63. The aforementioned individual defendants arrest plaintiff ALFONSO DELGADO in order to obtain a collateral objective outside the legitimate ends of the legal process.

64. The aforementioned individual defendants acted with intent to do harm to plaintiff ALFONSO DELGADO, without excuse or justification.

65. As a result of the foregoing, plaintiff ALFONSO DELGADO sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, an deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "65" as if the same were more fully set forth at length herein.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

68. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALFONSO DELGADO.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALFONSO DELGADO as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ALFONSO DELGADO as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ALFONSO DELGADO was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ALFONSO DELGADO.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ALFONSO DELGADO's constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiff ALFONSO DELGADO of

federally protected rights, including, but not limited to, the right:

      A.      Not to have excessive force imposed upon him;

      B.      Not to have summary punishment imposed upon him; and

      C.      To receive equal protection under the law.

76.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**WHEREFORE**, plaintiff ALFONSO DELGADO demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

New York, New York
August 14, 2012

BY: _____/S/_____
JON L. NORINSBERG (norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396